IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| Sylvester W. Buford and | ) | |
| Dorothy J. Buford, | ) | Case No. 11-30218 |
| | ) | |
| Debtors. | ) | Adv. No. 13-03091 |
| | ) | |
| Sylvester W. and Dorothy J. Buford, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. Bank National Association, As | ) | |
| Trustee For Structured Asset Securities | ) | |
| Corporation Mortgage Pass-Through | ) | |
| Certificates, Series 2006-GEL4 | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter comes before the Court on the Motion for Default Judgment filed by the debtors/plaintiffs on their Complaint to Avoid Lien.

## Facts

The plaintiffs filed for relief under Chapter 13 on February 20, 2011. On April 30, 2013, the defendant filed Proof of Claim #12 for $27,165.19, allegedly secured by the plaintiffs' property at 4802 Paris Drive, Godfrey, IL. On July 9, the plaintiffs objected to Claim #12, arguing that the debt underlying the claim was satisfied by the plaintiffs' pre-petition, HAMP refinancing of their mortgage. The defendant initially responded to the claim objection, asserting that it was investigating the allegation and would supplement its response once a determination was made. It ultimately moved to withdraw its response on September 27. The Court granted the defendant's Motion to Withdraw on September 30 and Claim #12 was

1

disallowed by Order of this Court the next day.

On September 30, 2013, the plaintiffs filed this adversary proceeding seeking to avoid the defendant's lien on their home. The plaintiffs properly served the Complaint and the defendant failed to answer or otherwise respond. The Clerk of the Bankruptcy Court issued a Notice of Default Entitlement on October 1. In response, on October 4, the plaintiffs filed the Motion for Default Judgment that is currently before the Court.

The Court held a hearing on the Motion for Default Judgment on November 5. At that time, the Court instructed the plaintiffs to submit a brief detailing what section of the Bankruptcy Code they were proceeding under[1] and how that section should be applied in light of the Seventh Circuit's decision in *In re Ryan*, 725 F.3d 623 (2013), and the United States Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410 (1992).

There are two issues before the Court: 1) does the Seventh Circuit's decision in *In re Ryan*, which applied *Dewsnup v. Timm* to Chapter 13 cases, prevent the plaintiffs from avoiding the defendant's lien; and 2) if the Court finds that the plaintiffs may avoid the lien, is the plaintiffs' Complaint sufficient to do so?

## **Analysis**

The United States Supreme Court, in *Dewsnup v. Timm*, 502 U.S. 410 (1992), held that § 506(d) does not allow a Chapter 7 debtor to strip down a mortgage lien to the value of the collateral. *Id*. at 417. The decision involved the interplay between §§ 506(a) and 506(d). Section 506(a) provides in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the

---

1 In their Complaint, other than citing to the venue and jurisdictional sections of the Bankruptcy Code, the plaintiffs fail to cite any relevant Code section or provide the Court with any guidance as to how they are entitled to relief.

> extent that the value of such creditor's interest…is less than the amount of such allowed claim.

11 U.S.C. § 506(a).  Section 506(d) reads:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless--
>
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d).  The Supreme Court adopted the creditor's interpretation of §§ 506(a) and 506(d):

> [T]he words "allowed secured claim" in § 506(d) need not be read as an indivisible term of art defined by reference to § 506(a), which by its terms is not a definitional provision.  Rather, the words should be read term-by-term to refer to any claim that is, first, allowed, and second, secured.  Because there is no question that the claim at issue here has been "allowed" pursuant to § 502 of the Code and is secured by a lien with recourse to the underlying collateral, it does not come within the scope of § 506(d), which voids only liens corresponding to claims that have *not* been allowed and secured.

*Id*. at 415 (emphasis in original).  Because the claim in question had been fully allowed and was secured by a lien, the Court concluded that the Chapter 7 debtor could not strip down the lien pursuant to § 506(d).  *Id*. at 417.

In *Ryan*, the Seventh Circuit reviewed a decision of the United States Bankruptcy Court for the Northern District of Illinois that made the *Dewsnup* decision applicable to a Chapter 13 debtor.  The bankruptcy court held that, "§ 506(d) as interpreted by the Supreme Court in *Dewsnup*…did not allow Ryan to void, or 'strip down' [a federal tax] lien..." 725 F.3d at 624.  The debtor argued for a different interpretation of § 506(d) depending on whether the case was filed under Chapter 7 or Chapter 13.  The court dismissed this argument, stating:

> Section 506(d)…does not distinguish claims under Chapter 7 from those under

3

> Chapter 13.  The language is uniform and does not lend itself to any differential treatment, and § 103(a) renders the provision applicable to Chapter 7 and Chapter 13 without distinction.

*Id*. at 627.  The 7th Circuit affirmed the lower court's decision and concluded that the Supreme Court's interpretation of § 506(d) in *Dewsnup* applies in both Chapter 7 and Chapter 13 cases.  *Id*. at 628.

In the instant case, the plaintiffs seek to avoid the defendant's lien on their property.  They argue that there is no value left for the defendant's lien to attach to after the first mortgage on the property is taken into account.  In their brief in support of their Motion, the plaintiffs claim that the ability to strip the lien comes from the determination of the secured and unsecured portions of the underlying debt pursuant to § 506(a)(1).  This reliance on § 506(a)(1), however, is misplaced.  That section discusses "an allowed secured claim," something that is missing here.  The answer, instead, is found in § 506(d).

"Although it is a long-standing principle that 'liens pass through bankruptcy unaffected,' such liens can be avoided by operation of Section 506(d) or by operation of a confirmed plan."  *In re Gluth Bros. Construction, Inc.*, 426 B.R. 771 (Bankr. N.D.Ill. 2010) (internal citations omitted).  Liens survive bankruptcy unless "they are brought into the bankruptcy proceeding and dealt with there."  *Id*. quoting *In re Penrod*, 50 F.3d 459, 463 (7th Cir. 1995).  Section 506(d) specifically provides for the avoidance of a lien to the extent that it "secures a claim against the debtor that is not an allowed secured claim."  11 U.S.C. § 506(d).

Here, it is clear that the defendant's claim is not an allowed secured claim because the plaintiffs objected to, and the Court disallowed, Claim #12.  The disallowance of a claim, however, does not necessarily mean a lien may be avoided.  For example, "the disallowance of a

claim solely because of a procedural deficiency with respect to a proof of claim, such as filing a proof of claim late, would not void the related lien." *Id*. at 779 citing *In re Tarnow*, 749 F.2d 464 (7th Cir. 1984). In *Tarnow*, the court held that should a claim be disallowed solely because it is untimely, "the destruction of a lien is a disproportionately severe sanction." *Tarnow*, 749 F.2d at 465. If, however,

> …the bankrupt or his (other) creditors had contested the claim on the ground that the loan had never been made, or that it had been completely repaid, or that repayment could not be enforced because the loan was usurious, and if the bankruptcy judge had agreed that the bankrupt had no legally enforceable obligation to the creditor and his decision was not disturbed on appeal, the lien would be extinguished by operation of the doctrine of collateral estoppel; the proceeding before the bankruptcy judge would have established facts and legal conclusions showing that the lien could not possibly be valid.

*Id*. As stated above, the plaintiffs objected to the defendant's claim on the basis that it had been completely satisfied through an earlier refinancing under the HAMP mortgage refinancing program. This objection was undisputed and the Court disallowed the claim in its entirety on that basis. As the claim was disallowed on its merits, it is not a disproportionately severe sanction to avoid the lien.

After finding that the lien *may be* avoided, the remaining question before the Court is whether the plaintiffs' Complaint is sufficient. The Complaint fails to set forth the section of the Bankruptcy Code under which the plaintiffs are seeking relief. Further, when given the chance to set forth the appropriate law in a brief, the plaintiffs relied on the wrong section of the Bankruptcy Code and cited no case law other than the *Ryan* case, given to them by the Court at the time of the initial hearing on the Motion for Default Judgment.

Although it is lacking, the Court finds that the Complaint gave the defendant fair notice of the relief sought by the plaintiffs. It is clear from the plaintiffs' Complaint that they are

seeking to avoid the defendant's lien on their property, even if the authority on which they rely is not clear.  Furthermore, the defendant had notice of the Complaint and an opportunity to defend against it.  No defense was put forth.

## **Conclusion**

Accordingly, for the reasons stated above, the Court finds that the plaintiffs' Motion for Default Judgment is GRANTED.  The defendant does not have an allowed secured claim and, therefore, the defendant's lien on the plaintiffs' property is void.  If the lien was reassigned to an unnamed party as part of the plaintiffs' HAMP refinancing, the lien remains unaffected as to the new lien holder.

See Order entered this date.

ENTERED: February 12, 2014

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE/4